No. 112,057

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of:

STEVE SKOCZEK,
*Appellant*,

and

MARSHA LYNN SKOCZEK,
*Appellee*.

SYLLABUS BY THE COURT

1.

The district court is in the optimum position to make findings on the best interests of the minor children.

2.

Appellate courts review a district court's order determining the amount of child support for an abuse of discretion, while the interpretation or application of the Kansas Child Support Guidelines is a question of law subject to unlimited review.

3.

The district court can deviate from the amount of child support listed in the Guidelines but must justify any such deviation through specific written findings.

4.

The determination of a child support obligation is not subject to a precise division of time and money for child support. These are not computations that must be made with scientific accuracy down to the penny. Rather, they arrive as a result of the application of

child support guideline principles and the adaptation of guideline models that result in an equitable award. Each case is different. Each parent's circumstances are unique. All children's needs differ. The judicial eye and hand must fill in the final blanks, not a computer program.

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Opinion filed June 5, 2015. Affirmed.

*Joseph W. Booth*, of Lenexa, for appellant.

*David W. Fairbanks*, of Norton Hare, L.L.C., of Overland Park, for appellee.

Before HILL, P.J., GREEN and LEBEN, JJ.

HILL, J.:  The district court ordered Steve Skoczek to pay $1,700 per month child support to Marsha Skoczek. Skoczek appeals the district court's child support order, contending that the district court should have applied an equal parenting time adjustment instead of a 20 percent parenting time adjustment when it computed his child support obligation. Our review of the record leads us to conclude that the child support order in this case was a valid exercise of district court discretion. We affirm.

*A brief case history provides context.*

Steve Skoczek and Marsha Lynn Skoczek were married in 1997. They have four minor children. In 2013, Marsha filed for divorce. Sometime later, on their own, Steve and Marsha resolved all issues except maintenance and child support. Their separation agreement provided that they would have joint legal custody of the children and they agreed to a 2-2-3 parenting plan. (A system of alternating days with the children.)

The district court approved the plan and incorporated the parties' separation agreement and parenting plan into the divorce decree filed in May 2014. The court found that it was in the children's best interests that Steve and Marsha receive joint custody of the children.

The district court then tried the issues of maintenance and child support. After applying a parenting time adjustment, the district court ordered Steve to pay Marsha $1,700 per month child support. Steve contends the court erred when it adjusted the guidelines child support figure for his parenting time. In his view, he is paying too much for child support.

*General principles of law guide us.*

Without a doubt, the district court is in the best position to make findings on the best interests of the minor children. *In re Marriage of Rayman*, 273 Kan. 996, 999, 47 P.3d 413 (2002). We review a district court's order determining the amount of child support for an abuse of discretion, while the interpretation or application of the Kansas Child Support Guidelines is a question of law subject to unlimited review. *In re Marriage of Wiese*, 41 Kan. App. 2d 553, 559, 203 P.3d 59 (2009). Judicial discretion is abused if the judicial action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013).

As an appellate court, we review the district court's findings of fact to determine if those findings are supported by substantial competent evidence and are sufficient to support the district court's conclusions of law. In doing so, we will not weigh conflicting evidence, pass on the credibility of witnesses, nor redetermine questions of fact. See *In re Marriage of Atchison*, 38 Kan. App. 2d 1081, 1085, 176 P.3d 965 (2008). Finally, "substantial evidence" is such legal and relevant evidence as a reasonable person might

accept as being sufficient to support a conclusion. *Venters v. Sellers*, 293 Kan. 87, 93, 261 P.3d 538 (2011).

*We must use the Kansas Child Support Guidelines.*

It is mandatory to use the Kansas Child Support Guidelines (2013 Kan. Ct. R. Annot. 123). *In re Marriage of Thurmond*, 265 Kan. 715, 716, 962 P.2d 1064 (1998). The district court can deviate from the amount of child support listed in the Guidelines but must justify any such deviation through specific written findings in the journal entry detailing how the deviation is in a child's best interests. Failure to make such written findings, however, is reversible error. *In re Marriage of Thurmond*, 265 Kan. at 716; *In re Marriage of VanderVoort*, 39 Kan. App. 2d 724, 732, 185 P.3d 289 (2008).

The Guidelines include various methods, worksheets, and schedules adopted by our Supreme Court to aid the district court in calculating child support. The 2013 version of the Guidelines govern the child support award here. They give the district court the discretion in situations where parents share their time equally or nearly equally to use either the shared expense formula or equal parenting time formula in setting child support. Guidelines § III.B.7. (2013 Kan. Ct. R. Annot. 129). The court did not use the shared expense formula, as neither party wanted to use it. Only the equal parenting time formula is pertinent to this case since Steve asked the court to use it. This formula eliminates the need for parents to exchange receipts for the purpose of dividing their share of the direct expenses.

To use the equal parenting time formula, the district court must first make an affirmative finding that a shared residential custody arrangement is in the best interests of the minor child, that the parents share the child's time equally or nearly equal, and one or more of the following conditions apply:

4

- The parties do not agree to use the shared expense plan;
- applying the shared expense formula would place the parent designated to pay the direct expenses without the sufficient funds to be responsible for the direct expenses; or
- applying the shared expense formula is not in the best interests of the minor child. Guidelines § III.B.7.b.

*The Guidelines also speak to adjusting child support amounts to account for larger amounts of time the child spends with the parent obliged to pay child support.*

In completing a worksheet to calculate the presumptive child support obligation, the district court also has the discretion to adjust the obligation to take into account how much time the child spends with each parent if the adjustment is in the best interests of the child. See Guidelines § IV.E. (2013 Kan. Ct. R. Annot. 138). This was used by the court here.

If the child spends 35 percent or more of the child's time with the nonresidential parent, the district court shall determine whether a time formula adjustment in child support is appropriate. The court can thus increase or decrease the support order by applying these adjustments. When calculating the time formula adjustment, the district court shall not consider the child's time spent at school or in day care. Guidelines § IV.E.2.b. To assist the district court, the Guidelines provide a table that *may* be used to calculate the amount of parenting time adjustment. See Guidelines § IV.E.2.b.

The time formula adjustment table displays three parenting time adjustment percentages:

1. A 5 percent parenting time adjustment when the child's percentage of time with the nonresidential parent is 35 percent to 39 percent;

2. a 10 percent parenting time adjustment when the child's percentage of time with the nonresidential parent is 40 percent to 44 percent; and

3. a 15 percent parenting time adjustment when the child's percentage of time with the nonresidential parent is 45 percent to 49 percent. Guidelines § IV.E.2.b. (2013 Kan. Ct. R. Annot. 140).

*We examine the steps taken by the district court here.*

The dispute between the parties centered on which of two approaches to follow when setting the appropriate child support payment. Steve asked the district court to use the equal parenting time formula with Marsha to either pay all of the direct expenses and receive $800 child support or receive approximately $560 child support with Steve paying all of the direct expenses. From her point of view, Marsha asked the court to calculate the presumptive child support obligation using a 15 percent parenting time adjustment. Marsha argued that it would be inequitable to use the equal parenting time formula given the great difference in their incomes, *i.e.*, Steve earned $99,459.37 per year while Marsha earned approximately $55,912.75, and that she would incur additional expenses during the summer when Steve was unable to exercise his parenting time.

When it decided this matter, the court disagreed with Steve's assertion that it only had the discretion to use the parenting time adjustment if the equal parenting time formula was excluded. The court believed that it had the discretion to use either method when determining child support. The district court acknowledged the parties had agreed they shared parenting time equally or nearly equally based on the 2-2-3 parenting schedule but found the evidence of their historical relationship showed Steve's employment demands during the summer for 2 days a week over several weeks resulted in Steve exercising between 45 percent and 49 percent of the total parenting time.

6

The court then ordered that Marsha would care for the children on the days Steve worked during the summer on his designated parenting time and found it would not be in the best interests of the children to use either the equal parenting time formula or Marsha's requested 15 percent parenting time adjustment provided for in the Guidelines. Instead, the district court ordered a 20 percent parenting time adjustment, which would be more equitable. In other words, Steve received a greater adjustment to his child support obligation than that proposed by Marsha.

After pointing out the need to calculate a new worksheet, the district court stated that it had another reason why it was not in the best interests of the children to use the equal parenting time formula—"just having issues related to who should pay the direct expenses and why and just overall what is more in the best interest of these children is a 20 percent parenting time adjustment."

*We examine the arguments raised in this appeal.*

On appeal, Steve contends that the Guidelines *require* the district court to apply the equal parenting time formula if the shared expense formula is not applicable and the affirmative findings under Guidelines § III.B.7.b. are made. In other words, Steve is arguing that the equal parenting time formula was automatically triggered here, and the district court no longer had any discretion to order the presumptive child support amount based on the worksheet either with a parenting time adjustment or without an adjustment. We must disagree with this assertion.

Clearly, the Guidelines state that the use of the equal parenting time formula is discretionary with the court even if the court makes the findings under Guidelines § III.B.7.b. The general instruction passage states:  "Use of this section is *discretionary* with the court. Parents who share the children's time equally or nearly equally *may* be eligible for . . . the Equal Parenting Time Formula." (Emphasis added.) Guidelines

7

§ III.B.7. (2013 Kan. Ct. R. Annot. 129).

Moving to the more specific section, Guidelines § III.B.7.b. states: "The Equal Parenting Time Formula is *discretionary* with the court and *may* be used to set child support *when*" the district court makes the required affirmative findings. (Emphasis added.) (2013 Kan. Ct. R. Annot. 131). Simply stated, the required affirmative findings in Guidelines § III.B.7.b. are only a prerequisite to justify the district court exercising its discretion to use the equal parenting time formula.

We see no language in §§ III.B.7. or III.B.7.b. mandating the use of the equal parenting time formula if the district court determines the required affirmative findings discussed above are present. The court always has the option not to make any adjustments.

Also, we are not convinced that the court made the findings contemplated in the Guidelines. Before it decided not to use the equal parenting time formula, the district court here found that it was in the children's best interests for Steve and Marsha to share residential custody and that the parties did not agree to use the shared expense formula. The district court also found that Steve and Marsha agreed to share the residency of the children equally or nearly equally, an arrangement reflected in the 2-2-3 parenting plan. This is not an unequivocal affirmative finding by the district court regarding the prerequisite findings under the Guidelines. Nor is this parenting time adjustment award an implicit finding that Steve did not show they shared the children equally or nearly equally.

Even if we assumed that the district court did make the required affirmative findings to use the equal parenting time formula, the court still had the discretion to use two other methods to calculate child support if it was in the best interests of the children,

*i.e.*, calculate the presumptive child support amount either with or without a parenting time adjustment.

Steve also argues that the district court was precluded from ordering a parenting time adjustment because the time formula adjustment table only contemplates those situations where a nonresidential parent's time ranges from 35 percent to 49 percent. This argument is predicated on his erroneous belief that sharing parenting time equally *or nearly equally* can only amount to 50 percent.

When the district court decided not to use the equal parenting time formula, it considered evidence that during 12 days of the summer Steve would be required to work during his scheduled parenting time and the children had historically been under Marsha's care during this time. Despite Steve's contention that under the 2-2-3 shared parenting schedule each parent would care for the children equally, the record supports the district court's finding that Steve actually only exercised between 45 percent and 49 percent of the total parenting time. Ignoring holidays and vacations, the 2-2-3 shared parenting schedule provided for each parent to have the children for 50 percent of the year or approximately 182.5 days each. However, Steve's summer work schedule shifts his actual parenting time to 170.5 days, or 46.7 percent of the year; whereas, Marsha would have the children for 194.5 days, or 53.3 percent of the year. Moreover, the evidence that Marsha would be unavailable to care for the children for 1 of the 6 weeks during the summer does not affect the finding that Steve only exercises between 45 percent and 49 percent of the total parenting time. The district court appropriately used its discretion here.

We must point out that these matters are not subject to a precise division of time and money for child support. These are not computations that must be made with scientific accuracy down to the penny. Rather, they arrive as a result of the application of child support guideline principles and the adaptation of guideline models that result in an

9

equitable award. Each case is different. Each parent's circumstances are unique. All children's needs differ. The judicial eye and hand must fill in the final blanks, not a computer program.

The district court applied the correct legal standard, and its factual determinations had legally sufficient support in the evidence. Because we do not reweigh that evidence on appeal, we are left to ask whether no other person would have come to the same conclusion not to use the equal parenting time formula. We conclude that others would indeed come to the same conclusion and, thus, it cannot be an abuse of discretion.

While the parenting plan called for shared custody and equal or nearly equal care of the children, there was evidence in this case showing not only disparate incomes but Marsha having to bear additional expenses to care for the children during Steve's parenting time. Given the standard of review, we cannot say the district court abused its discretion forgoing the equal parenting time formula and granting a 20 percent parenting time adjustment. Had the court followed Marsha's suggestion, Steve would have had to pay more for child support.

However, to complete our abuse of discretion analysis, we must still address the district court's deviation from the recommended time formula adjustment found in Guidelines § IV.E.2.b. when it increased the adjustment from 15 percent to 20 percent.

*We examine the amount of the adjustment.*

Steve argues that the district court, in determining the 20 percent parenting time adjustment, erroneously deviated from the Guidelines by relying upon the 80/20 rule previously found in the Guidelines which was replaced by the equal parenting time formula. See Guidelines § III.B.7.b.

10

It is clear that Steve's argument on this point is based upon an assumption that the court only has the discretion to award Marsha the adjustment percentages found on the table provided in Guidelines § IV.E.2.b. Actually, the district court is not required to use the table. Indeed, Guidelines § IV.E.2.b. provides that a district court *may* use the table provided in the Guidelines to calculate the parenting time adjustment. Again, this is a matter of discretion.

In addition, there is a well-established rule that the district court has the ability to deviate from the Guidelines when determining the amount of child support if such deviation is justified in writing in the journal entry. See *In re Marriage of Thurmond*, 265 Kan. at 716; *In re Marriage of VanderVoort*, 39 Kan. App. 2d at 732. This discretion to deviate from the Guidelines extends to the adjustment percentages recommended in the table found in Guidelines § IV.E.2.b. In the case *In re Marriage of Atchison*, 38 Kan. App. 2d 1081, 1091, 176 P.3d 965 (2008), this court found that the district court had failed to properly exercise its discretion in finding a 15 percent parenting time adjustment appropriate under Guidelines § IV.E.2.b. because the district court was not aware that it could deviate higher than the maximum 15 percent figure the table in the Guidelines provided.

Here, the district court found: "After hearing arguments by counsel the court declines to use the Equal Parenting Time Adjustment but allows for a reduction in child support owed. Steve will pay to Marsha $1700 per month for Child support effective June 1, 2014." To reach the $1,700 amount, the child support worksheet reflects a 20 percent parenting time adjustment, instead of the maximum recommended figure of 15 percent found in Guidelines § IV.E.2.b. when the child's percentage of time with the nonresidential parent is 45 percent to 49 percent.

When we couple those statements with those made by the court in the decree and the written findings in the child support worksheet adopted by the court, we are satisfied

11

with the findings made by the court to support its decision to give Steve a greater reduction in child support than what Marsha suggested. We find no error here.

Affirmed.