(383 P.3d 182)

No. 114,746

In the Matter of the Marriage of KRISTINA BRIN, *Appellee*, and MARK BRIN, *Appellant*.

Opinion filed October 21, 2016.

*Tish Morrical*, of Hampton & Royce, L.C., of Salina, for appellant.

*Bobby J. Hiebert, Jr.*, of Law Office of Bobby Hiebert, Jr., LLC, of Salina, for appellee.

Before GREEN, P.J., MCANANY and STANDRIDGE, JJ.

MCANANY, J.: This appeal arises out of post-divorce litigation over the child support obligation of Mark Brin for his two children.

Mark and Kristina Brin were married in May 1999. Two children were born of the marriage. Mark and Kristina were divorced in August 2007. They reached an agreement, which the court approved, regarding issues of custody, residential placement, child support, and the payment of various expenses for the children, such as the

children's uncovered medical and dental expenses and school tuition and fees.

After the divorce, Mark lost his job at the Hawker-Beechcraft plant in Salina. In March 2010 he found new employment at Hospira, a pharmaceutical company with facilities in McPherson. The following month, because of his new work schedule and changes in his circumstances, Mark moved to modify child support, the division of medical expenses, and parenting time. The parties agreed to settle the matter. Under the new agreement Kristina remained the primary residency parent, but the schedule of parenting time was modified. Mark agreed to pay child support of $445 per month, increasing to $562 per month in September 2010. Kristina was responsible for any expenses associated with the children's clothing, uniforms, and school lunches. Mark was responsible for any fees related to the children's extracurricular activities and any work-related daycare expenses. The parties agreed to continue sharing equally the children's private school tuition. There is no indication that the parties used the shared residency provisions of the Kansas Child Support Guidelines (Guidelines) to determine Mark's child support obligation.

Several years later, in August 2014, Kristina filed the current motion to modify parenting time and child support. She asked the court to adopt the parties' current parenting time arrangement but requested that the court modify child support because Mark was not paying certain childcare expenses and the children had advanced in age. Finally, she asked the court to clarify the responsibility for expenses related to certain extracurricular activities.

The district court appointed a guardian ad litem (GAL) for the children. The GAL recommended that the court maintain the current parenting time schedule, modify child support consistent with the parties' current financial information, and order the parties to equally share the tuition for the child attending private school.

Kristina's gross annual income was $34,044. Mark's gross annual income was $63,852. Kristina submitted a proposed child support worksheet calculating Mark's child support obligation as $1,129 per month, with no adjustment for equal or nearly equal parenting time. Mark argued that because he had the children most days of

the week after school until Kristina got off work, the court should calculate child support based on equal or nearly equal parenting time. Although Kristina had the children at night, he had the children during most of their nonschool waking hours. Mark proposed child support of $222 per month using the shared expense formula or, if the court found the parties shared expense plan was not detailed enough, $515 per month using the equal parenting time formula. Finally, Mark asked the court to retain the parties' current shared expense agreement.

By the time of the hearing on Kristina's motion, the parties had resolved issues pertaining to custody and parenting time. They asked the court to adopt the GAL's recommendations on these issues. Kristina requested $1,129 per month in child support, based on the fact that Mark had the children only 30% of the time and, thus, no parenting time adjustment was warranted. To the contrary, Mark contended he was entitled to a parenting time adjustment because of the amount of nonschool waking hours he spent with the children.

Mark proposed that the child support remain unchanged but that he would continue paying for the children's activity expenses. But Kristina pointed to ongoing arguments over what expenses qualified as activity fees and over other expenses for the children, such as Bible school and school uniforms. She contended that these disputes often left her "footing the bill." She proposed that there be no shared expenses other than the private school tuition. Mark countered that Kristina should pay all school tuition and fees if the court ordered the child support she requested.

Following the hearing on Kristina's motion, the court ordered Mark to pay child support of $1,129 per month. This was based on including the children's nonwaking hours as part of Kristina's parenting time. The court declined to make a parenting time adjustment or to calculate child support based on equal or nearly equal parenting time. The parties were ordered to share equally in the private school tuition, but Kristina was ordered to pay the children's fees and expenses for extracurricular activities as well as any other out of pocket expenses.

Mark appeals. We denied Kristina's subsequent motions to

dismiss the appeal. On appeal, Mark contends the district court should have either calculated child support based on a shared custody determination or granted him a parenting time adjustment.

We review a district court's child support order for any abuse of discretion. *In re Marriage of Skoczek*, 51 Kan. App. 2d 606, 607-08, 351 P.3d 1287 (2015). The district court's use of the Guidelines is mandatory. *In re Marriage of Thurmond*, 265 Kan. 715, 716, 962 P.2d 1064 (1998). Interpretation and application of the Guidelines are matters over which our review is unlimited. *In re Marriage of Wiese*, 41 Kan. App. 2d 553, 559, 203 P.3d 59 (2009). In considering whether the district court's factual findings are supported by substantial evidence and are sufficient to support the district court's legal conclusions, we do not reweigh conflicting evidence, pass on the credibility or witnesses, or redetermine factual questions. *In re Marriage of Skoczek*, 51 Kan. App. 2d at 607-08. To the contrary, we view the facts in the light favoring the prevailing party at the district court. *In re Adoption of J.M.D.*, 293 Kan. 153, 171, 260 P.3d 1196 (2011).

Mark contends that the district court should have either calculated child support based on a shared custody determination or granted him a parenting time adjustment. He first argues the district court erred in declining to award child support based on equal or nearly equal parenting time under the Guidelines § III.B.7. (2015 Kan. Ct. R. Annot. 117). He asserts that he and Kristina shared the children's time on an equal or nearly equal basis.

When parents share the children's time equally or nearly equally, the district court has discretion to use either the shared expense formula or the equal parenting time formula in calculating child support. Guidelines § III.B.7. (2015 Kan. Ct. R. Annot. 117); see *In re Marriage of Skoczek*, 51 Kan. App. 2d at 608.

Mark argued to the district court that the children's nonwaking hours should be excluded when determining whether the parties shared the children's time on an equal or nearly equal basis. Mark admitted he had the children with him 30% of their nonschool time if the court considered the children's nonwaking hours in calculating parenting time. The district court concluded that the children's nonwaking hours counted as parenting time and, as a result, Mark

and Kristina did not share the children's time on an equal or nearly equal basis.

*Sparks v. Sparks*, 34 Kan. App. 2d 499, 502-03, 120 P.3d 376 (2005), is instructive. There, the mother argued that the time the paternal grandmother watched the child should not count as parenting time for the father. The district court rejected the mother's claim, finding the time the child spent at the father's house, being cared for by the paternal grandmother, should be included in determining whether the father was entitled to shared residential custody for child support purposes. On appeal, the mother contended a district court should only consider the time a child is personally supervised by a parent who is awake in determining whether the parents shared the child's time on an equal or nearly equal basis. On appeal, this court rejected the mother's argument, and stated:

"[A] court determining residential custody would be required to exclude any time a parent slept while the child was at the parent's residence. Or, if a parent were to remarry, the court would be required to exclude any time the natural parent left the home or slept, leaving the child in the care of a stepparent. Similarly, a court could not consider the time during which a child was left in the care of an older sibling, while a parent slept or ran errands." 34 Kan. App. 2d at 502.

We adhere to the rationale of *Sparks*. The district court properly included the children's nonwaking hours in determining whether their parents had equal or nearly equal parenting time. Using this standard, Mark had the children with him 30% of their nonschool/ daycare time. The district court did not abuse its discretion in declining to award child support based on equal or nearly equal parenting time.

As an alternative, Mark argues that the district court should have made a parenting time adjustment under the Guidelines § IV.E.2. (2015 Kan. Ct. R. Annot. 126). To make such an adjustment to Mark's child support obligation the district court would have used either the actual cost adjustment or the time formula adjustment. Guidelines § IV.E.2. (2015 Kan. Ct. R. Annot. 126).

To make an adjustment based on actual costs, the district court considers (1) "the fixed obligations of the parent having primary residency that are attributable to the child and any savings because of the time spent with the non-primary residency parent," and (2)

"the increased cost of additional parenting time to the parent having non-primary residency." Guidelines § IV.E.2.a. (2015 Kan. Ct. R. Annot. 127).

But Mark's request to the district court was based on the amount of time he had with the children, not based on added expenses he incurred. Thus, the district court had no duty to award Mark an actual cost adjustment. See Guidelines § IV.E. (2015 Kan. Ct. R. Annot. 126) ("Child support adjustments apply only when requested by a party."). Besides, any discussion of expenses was minimal at best and certainly was not sufficient to invoke application of a cost adjustment. See Guidelines § IV.E. (2015 Kan. Ct. R. Annot. 126) ("The party requesting the adjustment is responsible for proving the basis for the adjustment.").

Before Kristina's most recent child support motion, the parties had agreed that Mark would pay any fees related to the children's extracurricular activities, any work-related daycare expenses, and one-half of the private school tuition. In denying any parenting time adjustment, the district court relieved Mark of any obligation to pay out-of-pocket expenses related to the children except his contribution to the tuition expenses. The purpose of doing so was to avoid any disagreement between the parties about who was responsible for the children's expenses. We see no abuse of discretion in the district court's handling the matter of expenses in this fashion. The district court did not err in declining to award Mark an actual cost adjustment.

When using the time formula for granting an adjustment to a parent's child support obligation, the district court considers the amount of time the parent spends with the children rather than specific expenses incurred. Guidelines § IV.E.2.b. (2015 Kan. Ct. R. Annot. 127). Use of the Guidelines' time formula adjustment is discretionary, but a district court *shall* determine whether a time formula adjustment is appropriate if the children spend 35% or more of their time with a parent. Guidelines § IV.E.2.b. (2015 Kan. Ct. R. Annot. 127). Here, the court found that Mark had the children 30% of the nonschool/daycare time, so the district court was not required to consider a time formula adjustment.

As a final point, Mark contends the district court made no find-

ing with regard to the amount of time he spent with the children and, instead, denied his request for a parenting time adjustment without any explanation. Mark did not object to the district court's lack of findings. " 'Where no objection is made, [an appellate] court will presume the trial court found all facts necessary to support its judgment. However, [an appellate] court may still consider a remand if the lack of specific findings precludes meaningful review. [Citations omitted.]' " *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012). Here, the claimed lack of findings has not impeded our review of the district court's order.

Affirmed.