NOT DESIGNATED FOR PUBLICATION

No. 118,083

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
FENGYING HOU,
*Appellee*,

and

MINGFEI CHU,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; KEVEN M.P. O'GRADY, judge. Opinion filed May 11, 2018. Affirmed.

*Christopher C. Barnds*, of Copley Roth & Davies, LLC, of Overland Park, for appellant.

*Eric A. Morrison*, of Morrison Law, LLC, of Overland Park, for appellee.

Before MALONE, P.J., BUSER and GARDNER, JJ.

PER CURIAM: After holding a one-day bench trial, the district court granted Fengying Hou her divorce, spousal maintenance, and child support; the court also required Mingfei Chu to share equally in the expenses of their two children's extracurricular activities. On appeal, Chu claims that the district court erred by ordering him to share in the expenses of the extracurricular activities in addition to his regular child support payments because, pursuant to the Kansas Child Support Guidelines (Guidelines), these expenses were already included in the regular child support payments. However, a district court may deviate from the Guidelines by finding in a written journal

entry that doing so would be in the best interest of the child. Because the district court filed multiple written journal entries finding that it was in the children's best interests for Chu to share equally in the extracurricular expenses and because the district court is in the best position to make such a decision, we affirm the district court's order requiring Chu to pay these expenses in addition to his regular child support payments.

FACTS

Hou and Chu were married in 1998. In 2008, the couple's first daughter, Scarlett, was born, and in 2012, their second daughter, Allison, was born. On June 6, 2016, after 18 years of marriage, Hou filed a petition for divorce. The district court described this divorce as a "high conflict case with allegations of domestic violence." Still, the parties appear to have resolved most of the property division issues.

On March 15, 2017, the district court held a one-day bench trial, in which Chu and Hou were the only witnesses, to decide, among other issues, child support and spousal maintenance. Before beginning the hearing, the parties stipulated to the admission of all exhibits. Hou's exhibits included her proposed child support worksheet and proposed parenting plan, while Chu's exhibits included his version of the same.

At trial, the parties disputed the extent to which their children should participate in extracurricular activities. During the marriage and after filing for divorce, the children participated in a variety of extracurricular activities, including ice skating, swimming, piano, soccer, and "Chinese School." Hou wished for her children to continue to participate in these activities and possibly more. Conversely, Chu believed the children were being overwhelmed with extracurricular activities to the detriment of their school work. Still, Chu acknowledged that the children enjoyed most of the activities. Hou testified that Chu sometimes refused to take the children to these activities, and she also indicated that she may not be able to pay for the activities without assistance from Chu.

2

After hearing the evidence, the district court ruled from the bench, which it later memorialized (and clarified) in multiple written journal entries. The district court granted the divorce and joint legal custody of the children, and it awarded Hou $2,047 per month for child support and $3,434 per month for spousal maintenance. The district court based its child support calculation off its completion of the child support worksheet, which it seemingly adopted from Hou's child support worksheet exhibit. The district court also ruled that the children would continue to participate in their current extracurricular activities with the caveat that any new activities needed to be approved by both parents.

The parties were confused whether Chu needed to pay a share of the extracurricular costs in addition to the base child support, so the parties contacted the district court for clarification. Apparently in an email, which is not part of the record, the district court clarified that Chu was to share equally in the extracurricular costs, in addition to his child support payments.

On June 9, 2017, Chu filed a motion to alter or amend the judgment, or for a new trial, specifically seeking a reversal on the equal sharing of activities determination. During a conference between the district court and the parties held on June 13, 2017, the district court again ruled that it was in the best interests of the children for them to keep participating in their extracurricular activities and that the parents would share equally in the related expenses. There is no transcript of this conference in the record on appeal.

On June 21, 2017, Chu filed another motion to alter or amend the judgment, or for a new trial, yet again seeking reversal of the district court's expense determination regarding the extracurricular activities. In response to Chu's latest motion, on July 31, 2017, the district court filed an "order denying in part and sustaining in part motion to alter or amend." The district court sustained the motion to the extent that it was providing written clarification to its earlier orders, but it denied the motion with respect to reversing its earlier determination that the parties would share equally in the expenses of the

3

children's extracurricular activities. The district court clarified that it was deviating from the Guidelines in ordering Chu to share equally in the expenses in addition to his regular child support payments. The district court did so because it was concerned that if Chu did not share in the expenses, the children would be deprived of these activities. The court went on to explain that it was concerned "that Father would not reliably take the children to activities during his parenting time" and that "[s]haring in the cost was intended, in part, to encourage him to do so." Chu appealed from the district court's judgment.

ANALYSIS

On appeal, Chu claims that the district court erred by requiring him to share in the expenses for extracurricular activities in addition to his regular child support payments. Chu claims that, pursuant to the Guidelines, these expenses are already included as direct expenses in the regular child support payments. In a related argument, Chu asserts that the district court erred by ordering him to share in the extracurricular costs for the minor children outside of the adjustments enumerated in Section E of the child support worksheet. Finally, Chu argues that the shared expenses for the extracurricular activities were already included by the district court in determining the maintenance award.

Hou argues that the district court did not err in ordering the parties to equally share in the extracurricular activities expenses and that the order was supported by the evidence. She also asserts that the district court did not err by failing to utilize Section E of the child support worksheet to calculate the expenses for the children's extracurricular activities. Finally, Hou asserts that the order for payment of shared expenses for extracurricular activities was not duplicative of the district court's maintenance award.

Generally, this court reviews a district court's child support award for an abuse of discretion. *In re Marriage of Skoczek*, 51 Kan. App. 2d 606, 607, 351 P.3d 1287 (2015). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take

4

the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). "If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *In re Marriage of Bradley*, 282 Kan. 1, 7, 137 P.3d 1030 (2006). Still, to the extent this case involves the interpretation of the Guidelines, this court's review is unlimited. *In re Marriage of Skoczek*, 51 Kan. App. 2d at 607.

Turning to the particulars of the Guidelines, child support must include both direct and indirect expenses related to the care and well-being of the child. Kansas Child Support Guidelines § II.A. (2018 Kan. S. Ct. R. 79). The Guidelines provide the following definition of direct expenses:

> "Direct expenses for a child shall include those fixed expenses paid directly to a third party, such as a school, church, recreational club, or sports club to allow participation in an activity or event, or to attend school. Direct expenses also include all necessary supplies and equipment purchased to support such activity.
> "Direct expenses shall include:
> - All school and school-related expenses including school lunches.
> - Extracurricular activities.
> - Clothing." Kansas Child Support Guidelines § II.A.1 (2018 Kan. S. Ct. R. 79-80).

Chu asserts that the above language is plain and unambiguous and, thus, the district court erred by ordering him to pay the additional expenses for extracurricular activities because that expense was already included in his initial child support obligation. Considering only the plain language regarding direct expenses, it would appear that Chu is correct that his children's extracurricular activities are already included in his child support payments. See *In re Marriage of Ronen*, 29 Kan. App. 2d 443, 446,

26 P.3d 1287 (2001) (cost of normal extracurricular activities of children is already provided for in amounts listed in the child support schedules).

However, a district court can deviate from the amount of child support determined through use of the Guidelines. *In re Marriage of Skoczek*, 51 Kan. App. 2d at 614 (citing *In re Marriage of Thurmond*, 265 Kan. 715, 716, 962 P.2d 1064 [1998]). A district court must justify any such deviation through specific written findings in the journal entry as to how the deviation is in the child's best interests. *In re Marriage of Skoczek*, 51 Kan. App. 2d at 608. Such findings are reviewed for substantial competent evidence to ensure they are sufficient to support the court's conclusions of law. See *In re Marriage of Atchison*, 38 Kan. App. 2d 1081, 1089, 176 P.3d 965 (2008). Failure to make such written findings is considered reversible error. *In re Marriage of Thurmond*, 265 Kan. at 716.

The Guidelines permit a district court to deviate from its initial child support calculation when it is in the best interest of the child because "[c]hild support is complicated. The financial assets of a party reflected by a spreadsheet's rigid numbers, devoid of context, are not the only thing that drives the calculation. District courts can consider practical reality." *In re Marriage of Stephenson & Papineau*, 302 Kan. 851, 876, 358 P.3d 86 (2015). "As a result, district courts are adept at considering the circumstances in each case and exercising discretion to fashion remedies that are in the best interests of children and also within the boundaries of law and equity." 302 Kan. at 876-77. The district court clearly is in the best position to make such a discretionary deviation. *In re Marriage of Rayman*, 273 Kan. 996, 999, 47 P.3d 413 (2002).

Here, the district court properly deviated from the child support calculation because it made written findings in multiple journal entries for why it deviated, and those written findings were supported by substantial competent evidence. Beginning with the written findings, in the district court's first journal entry (parenting plan), it explicitly determined that, based on the parents' testimony and evidence, it was in the children's

6

best interests to remain involved in extracurricular activities. The district court then determined that Chu and Hou would fund these activities equally. In the next journal entry (order denying in part and sustaining in part motion to alter or amend), the district court reiterated that the children benefitted from these activities. The district court also noted its concerns that if the expenses were not split equally, the children may miss out on these activities because Hou may not be able to afford them by herself and that expense sharing was a means of encouraging Chu to take the children to the activities.

Next, the trial testimony and exhibits support these written findings. During the marriage and the divorce proceedings, the children participated in a variety of extracurricular activities, including ice skating, swimming, piano, soccer, and "Chinese School." While Hou testified that the children enjoyed these activities, Chu testified that the children were involved in too many extracurricular activities to their detriment. Still, Chu testified that the children enjoyed most of the activities. Hou further testified that Chu sometimes refused to take the children to these activities, and her testimony indicated that she may not be capable of paying for the activities without assistance from Chu. Because appellate courts do not reweigh the evidence or redetermine credibility issues, the district court's written findings are supported by substantial competent evidence. See *In re Marriage of Kuzanek*, 279 Kan. 156, 160, 105 P.3d 1253 (2005).

In his reply brief, Chu cites *In re Marriage of Ronen*, 29 Kan. App. 2d at 446, which held that the district court erred in ordering a father to pay extracurricular expenses in addition to his regular child support payments as part of a "special needs adjustment" for the children. However, *Ronen* is not on point because it only stands for the proposition that expenses for extracurricular activities do not fall under the special needs adjustment in the Guidelines. In fact, the *Ronen* opinion expressly left open the question of whether payment of extracurricular expenses could be ordered as a deviation from the Guidelines, which is the issue we have here. See 29 Kan. App. 2d at 446-47.

The district court did not abuse its discretion by ordering Chu to share in the expenses of the children's extracurricular activities in addition to his making his regular child support payments. The district court followed the appropriate procedure to deviate from the Guidelines by making specific written findings in the journal entry as to how the deviation was in the children's best interests. The deviation was reasonable as Chu is only required to share equally in the expenses for extracurricular activities. Moreover, the district court ordered that any new activities needed to be approved by both parents.

In a related argument, Chu asserts that the district court erred by ordering him to pay his share of the extracurricular activity costs for the minor children without using one of the adjustments enumerated in Section E of the child support worksheet. Chu points out that for a district court to make an adjustment pursuant to the Guidelines, a party must request one. Kansas Child Support Guidelines § IV.E. (2018 Kan. S. Ct. R. 96). Plus, the requesting party has the burden of proving the basis for the adjustment. Kansas Child Support Guidelines § IV.E. Chu argues that because there is no evidence that Hou made an adjustment request for the extracurricular activities, the Guidelines prevented the district court from making such an adjustment.

However, Chu's argument is misguided because with respect to extracurricular activities, the district court did not make any adjustments under § IV. E. of the Guidelines. Instead, the district court used its inherent power to *deviate* from the Guidelines based on the best interests of the children and, as previously explained, the district court is permitted do so by making the proper written findings. Thus, Hou was not required to make an adjustment request in accordance with the Guidelines for the district court to allocate the expenses as it did.

Moreover, a panel of this court recently rejected Chu's precise argument in *In re Marriage of Ballinger*, No. 116,904, 2017 WL 4455160, at *3 (Kan. App. 2017) (unpublished opinion). In that case, the district court ordered the father to pay his child's

8

private school expenses in addition to his regular child support payments. On appeal, the father argued that he should not be forced to share equally in his child's private school expenses because such expenses were already included in the child support calculations as direct expenses. In deviating from the child support calculations, the district court relied on a prior version of the Guidelines permitting adjustments for "extraordinary expenses," but this adjustment was no longer in effect. 2017 WL 4455160, at *9.

On appeal, this court affirmed the district court's order for the father to share equally in the private school expenses in addition to his regular child support payments. 2017 WL 4455160, at *11. This court grounded its reasoning in the following: (1) K.S.A. 2017 Supp. 23-3001 grants discretion when determining child support; (2) courts can deviate from the Guidelines when done in writing; (3) district courts are in the best position to decide child support issues, including what is in the child's best interest; (4) the district court's decision was reasonable; and (5) private school is more expensive than public school. 2017 WL 4455160, at *9-11. Ultimately, even though the district court did not base its order on one of the adjustments specifically enumerated in the Guidelines, the *Ballinger* court nevertheless found that the district court's deviation from the Guidelines was reasonable and was not an abuse of discretion. 2017 WL 4455160, at *11.

Finally, Chu claims that the district court erred by ordering him to share the expenses for extracurricular activities because the costs for the extracurricular activities were already included by the district court in determining the maintenance award. Chu points out that Hou placed a $540 line item in her domestic relations affidavit indicating the amount she paid, on average, for the children's monthly extracurricular activity costs. Because the district court based its maintenance award, in part, on the information included in Hou's domestic relations affidavit, Chu argues that he is being ordered to pay the extracurricular activity costs both as part of the maintenance award and in addition to his regular child support payments.

9

However, Chu's brief acknowledges that the record in this case "does not provide enough information to allow this court to determine how maintenance may have been impacted by Ms. Hou including the $540 monthly costs on her DRA, nor does it address how that figure may have played a role in the district court's child support order." We agree that the record is not clear at all whether the district court's maintenance award of $3,434 per month was intended to include expenses for the children's extracurricular activities. Simply because Hou included $540 per month in activity fees in her domestic relations affidavit and the district court used that affidavit, in part, to determine a maintenance award, does not mean that the maintenance award was specifically intended to cover this expense. The burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013).

Chu has failed to designate facts in the record to support his claim that the extracurricular activities costs were included by the district court in calculating both spousal maintenance and child support. As a result, we conclude the district court did not err when it ordered Chu to share equally in the expenses of the children's extracurricular activities in addition to making his regular child support payments.

Affirmed.