NOT DESIGNATED FOR PUBLICATION

No. 114,594

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GARRETT SAATHOFF, a minor,
by and through his mother and next friend, ERICKA L. DOUGLAS,
*Appellees*,

v.

JUSTIN R. SAATHOFF,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A. MAUGHAN, judge. Opinion filed June 10, 2016. Affirmed.

*John C. Nodgaard* and *Selena Sujoldzic*, of Arn, Mullins, Unruh, Kuhn & Wilson, LLP, of Wichita, for appellant.

*Kimberly K. Bonifas*, of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, for appellee.

Before GARDNER, P.J., LEBEN, J., and HEBERT, S.J.

*Per Curiam*:  Justin R. Saathoff  (Father) appeals from the district court's order modifying child support, contending the district court erred in calculating the amount of Erika L. Kiefer's (f/k/a Erika Douglas) (Mother) health insurance credit when computing his child support obligation. Finding no error, we affirm the judgment of the district court.

1

In October 2008, Mother filed a petition for declaration of paternity and orders of custody and child support against Father. The parties entered into an agreed declaration of paternity and journal entry of judgment on July 7, 2009. The paternity declaration ordered Mother to provide health insurance coverage for the parties' minor child and Father to pay child support.

At some point thereafter, Mother married Joshua Kiefer and obtained health insurance coverage through Kiefer's employer. The employer's health and dental insurance provider offered four plans: (1) employee; (2) employee/spouse; (3) employee/children; and (4) family. The employer paid 75% of the monthly premium but no more than $500. The parties agreed to add the minor child to the employer health and dental insurance coverage after considering the other available options for health insurance. At the time the minor child was added to the employer-sponsored insurance coverage, Mother and her husband were already insured under the employee/spouse plan.

On October 14, 2014, the deputy court trustee filed a motion to modify child support. The motion alleged the parties' circumstances had changed since the last child support order and recalculation of Father's child support obligation was necessary. A hearing on the deputy trustee's motion was originally scheduled for November 20, 2014, but consideration of the motion was delayed by several continuances and a request for discovery. On April 30, 2015, Mother also filed a motion to modify child support. In the motion, Mother alleged the parties had agreed to continue the minor child's current health insurance coverage, which was set to renew on May 1, 2015. Mother asserted: "The additional health insurance cost for the minor child was $308 per month."

Father filed a motion to clarify or reconsider on May 18, 2015. Father alleged that during a March 10, 2015, hearing, the district court "stated the cost of the [minor child's]

health insurance to be included in the Child Support Worksheet [was] the additional cost to add the minor child to the [employer-sponsored] policy." Father argued the district court intended that the insurance cost be determined by dividing the total cost of family coverage by three, the number of insured individuals, based on *In re Marriage of Johnson*, 24 Kan. App. 2d 631, 950 P.2d 267 (1997), *rev. denied* 264 Kan. 821 (1998).

On June 4, 2015, a hearing officer for the district court heard oral arguments on the motions to modify child support and Father's motion to clarify or reconsider. With regard to Mother's insurance credit, the hearing officer determined the actual cost of the minor child's insurance coverage was equal to the monthly premium difference between employee/spouse coverage and family coverage. The hearing officer explained, where employee, employee/spouse, employee/children, and family coverage is offered, "the method of calculating the cost . . . is the difference of the actual out of pocket expense of the party who . . . carries the coverage of the health insurance."

In a later written journal entry, the hearing officer further explained his decision with regard to the cost of the minor child's health insurance coverage:

"Regarding the determination on the health insurance calculation . . . , it has always been the policy of this Court and this jurisdiction that when formal breakdowns are available with set costs for employee only, employee plus spouse, employee plus children, and/or employee plus family, the proper method for calculating the costs of child support purposes is the difference of the actual out-of-pocket costs for the child to the party with coverage. The determination for the cost in this case is the difference between the employee plus spouse plan, and the employee plus family plan that adds the minor child. The court finds that this is the actual cost for the child.
. . . .
"The Court finds that the application of the *Johnson* case in this matter as cited by [Father], is inappropriate as it contains a different application and presentation of issues. The Court finds in the present case that it is fair to both parties to use the actual costs for adding the minor child. . . . [T]o calculate health care costs in this case other

3

than using the actual costs, requires the child to be sharing the cost of the insurance for his mother and her spouse, which isn't fair."

Father filed an application for review of the hearing officer's decision on July 14, 2015. Father argued that to determine the actual cost of the minor child's health insurance coverage, the hearing officer should have divided the cost of family coverage by three, the number of total individuals insured under the coverage. Alternatively, Father argued the hearing officer should have divided the difference between single and family coverage by two, the number of individuals covered under Kiefer's single/employee coverage.

The district court heard oral arguments on August 25, 2015. Considering the exhibits, hearing transcript, and arguments of counsel, the district court affirmed the hearing officer's determination and credited Mother the monthly premium difference between employee/spouse and family coverage. The district court found the calculation method produced the "exact cost for the insurance for the [minor] child" and was appropriate under the circumstances.

Father timely appealed.

ANALYSIS

As his sole claim on appeal, Father contends that the district court erred in calculating the amount of Mother's health insurance credit when computing his support obligation.

4

*Standard of Review*

We would first note that Father does not begin his arguments and authorities by setting forth an appropriate standard of review, nor does he identify and separate the issues to be addressed in his argument. See Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41).

An appellate court reviews a district court's order determining the amount of child support for an abuse of discretion. *In re Marriage of Wiese*, 41 Kan. App. 2d 553, 559, 203 P.3d 59 (2009). A judicial action constitutes an abuse of discretion if the action: (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party claiming an abuse of discretion bears the burden of proof. *In re Marriage of Thomas*, 49 Kan. App. 2d 952, 955, 318 P.3d 672 (2014).

Interpretation and application of the Kansas Child Support Guidelines (Guidelines) are subject to unlimited review. *In re Marriage of Matthews*, 40 Kan. App. 2d 422, 425, 193 P.3d 466 (2008), *rev. denied* 288 Kan. 831 (2009). Use of the Guidelines is mandatory, and failure to follow them is reversible error. Any deviation from the amount of child support determined by use of the Guidelines must be justified by written findings in the journal entry, and failure to make such written findings is reversible error. *In re Marriage of Thurmond*, 265 Kan. 715, 716, 962 P.2d 1064 (1998); *In re Marriage of Atchison*, 38 Kan. App. 2d 1081, 1089, 176 P.3d 965 (2008).

*The Relevant Guidelines Provisions*

Section IV.D.4.a of the Guidelines provides:

"The cost to the parent or parent's household to provide for health, dental, orthodontic, or optometric insurance coverage for the child is to be added to the Gross

5

Child Support Obligation. If coverage is provided without cost to the parent or parent's household, then zero should be entered as the amount. If there is a cost, the amount to be used on Line D.4 is the actual cost for the child or children.

"The court has the discretion to determine whether the proposed insurance cost is reasonable, taking into consideration the income and circumstances of each of the parties and the quality of the insurance proposed, and to make an adjustment as appropriate. The cost of insurance coverage should be entered in the column of the parent or parent's household which is providing it, and the total is entered on Line D.4 (see Appendix VIII, Example 1, Subsection D.3)." (2015 Kan. Ct. R. Annot. 124).

Section IV.D.8 of the Guidelines instructs: "If costs of health, dental, orthodontic, and optometric premiums and/or work-related child care costs are included in the total child support obligation, the parent or the parent's household actually making the payment is credited." (2015 Kan. Ct. R. Annot. 126.) "The touchstone of the [G]uidelines on this point is that the increased cost is entered on line D.4. and that the parent making the payment is given credit for this amount." *In re Marriage of Johnson*, 24 Kan. App. 2d at 637.

*The Actual Cost of the Minor Child's Insurance Coverage*

Father never directly claims that the district court abused its discretion but rather argues that the court failed to calculate child support in "the appropriate and accurate way" suggested in *In re Marriage of Johnson*. He argues first that the appropriate and accurate way to calculate the cost for the minor child would be to take the cost of the family plan and divide it by three to reflect the number of people covered by the plan. Father alternatively contends, because the cost of single coverage was discernible, the appropriate way to calculate the actual cost was to divide the difference in premium amount between single and family coverage by two, the number of individuals covered by the family coverage.

6

We find Father's reliance on *In re Marriage of Johnson* to be misplaced. In that case, the undisputed evidence showed that it cost the father $152 above his single health insurance coverage for family coverage. The $152 per month paid for coverage on the parties' child, the father's current wife, and the father's other two children. On appeal, the mother argued the father did not incur any additional cost associated with providing health insurance for the parties' minor child because he already carried and paid for family coverage. The father contended he was entitled to credit for the entire amount of the cost for family coverage because it was the increase over single coverage. This court found both rationales complied with the Guidelines but "[u]sing either rationale would result in an inequitable result for one of the parties." 24 Kan. App. 2d at 637-38. This court held:

> "[W]here a parent is paying for family health insurance that covers individuals from more than one family, the cost of the family coverage should be divided among the number of individuals who are covered by the insurance and that the number should be multiplied by the number of children subject to the child support order." 24 Kan. App. 2d at 638.

Applying the formula, this court determined the $152 difference between single and family health insurance coverage "should be divided by four, the number of individuals covered by the policy other than [the father], which would equate to $38 per covered person." 24 Kan. App. 2d at 638. This court concluded the applicable cost for health insurance coverage was $38 because the parties had one child. 24 Kan. App. 2d at 638.

This case is distinguishable from *In re Marriage of Johnson*. Here, the undisputed evidence demonstrated the additional cost associated with insuring the minor child under the employer-sponsored family insurance coverage. For the purposes of determining the actual cost of the minor child's insurance coverage, the employee/spouse plan was equivalent to single coverage. Thus, Mother was entitled to credit for the increased cost

7

above her employee/spouse coverage. Moreover, unlike *In re Marriage of Johnson*, where multiple individuals were insured under family coverage without demarcation, here the minor child was the only individual covered by the additional family coverage above Mother's employee/spouse coverage. Therefore, it was unnecessary for the district court to divide the additional cost of the family coverage among multiple individuals. The difference in cost between the employee/spouse coverage and family coverage was solely attributable to the minor child's insurance coverage.

Furthermore, given the circumstances, Father's proposed calculation methods would yield the proportional cost rather than the actual or increased cost of insuring the minor child under the employer-sponsored insurance coverage. If the parties had opted to insure the minor child under private insurance coverage, Mother and her husband would still pay the cost of the employee/spouse coverage and the additional cost of the minor child's private insurance coverage.

Applying the appropriate standards of appellate review, we find that the district court properly applied the Guidelines and did not abuse its discretion in calculating the actual cost of the minor child's health and dental insurance coverage.

*Reasonableness of the Insurance Credit*

Father further contends that the district court erred in failing to make an adjustment to Mother's insurance credit. Again, without specifically alleging an abuse of discretion, he contends that requiring him to pay anything over 5% of his gross income for the minor child's insurance coverage was unreasonable.

In Kansas, the Guidelines grant the district court discretion to determine whether a proposed insurance credit is reasonable, taking into consideration the income and circumstances of each of the parties and the quality of the insurance proposed, and to

8

adjust a parent's insurance credit when appropriate. Guidelines § IV.D.4.a (2015 Kan. Ct. R. Annot. 124).

In support of his contentions, Father cites and relies on child support statutes from other states where the "reasonable cost" of health insurance is statutorily capped at 5%. He also suggests that the Patient Protection and Affordable Care Act would cap his insurance cost at 6.3% based on family size. While it is unclear where in the district court proceedings Father raised this specific argument, it suffices here to note that Kansas does not have similar percentage restrictions with regard to the reasonable cost of health insurance. Thus Father's reliance on such comparisons is misplaced.

Here, Father does not demonstrate, and the record does not otherwise indicate, the quality of the health and dental insurance coverage was disproportionate to the proposed insurance cost. In fact, Father concedes in his reply brief that "the parties, after considering the options for health insurance, [agreed] the *best health insurance coverage* for the minor child would be through the employer of [Mother]'s husband." (Emphasis added.)

The record also demonstrated that the proposed insurance credit was reasonable in light of each party's income and circumstances. Father contends that the proposed insurance credit was unreasonable because it required him to allocate 8.35% of his gross income toward payment of the minor child's insurance. But he conveniently ignores the fact that Mother contributes the same percentage of her income toward the insurance coverage. Mother was a stay-at-home parent, and the district court imputed a gross income of $1,257 per month. The Father was employed, earning $2,428 per month. Father fails to show how he bore a disproportionate or unreasonable amount of the costs.

9

Therefore, Father's contention that he bore an unreasonable amount of the minor child's insurance cost is unfounded, as he and Mother contributed the same percentage of their gross income toward the minor child's insurance coverage.

Father additionally contends the employer contribution is disproportionately allocated among Mother, Mother's husband, and the minor child. Father highlights that the minor child is receiving a lower percentage of the employer contribution in comparison to Mother and her husband. Again, there is no specific citation to the trial record showing where this argument was raised and ruled on below. In any event, Father's reliance on the employer's contribution is misplaced. "[T]he Parental Total Child Support Obligation is increased by health [and dental] insurance only if it is provided at cost to the parent, and then it is deducted for the parent making the payment." *In re Marriage of Woolsey*, No. 96,134, 2007 WL 806022, at *3 (Kan. App. 2007) (unpublished opinion) (a persuasive opinion finding the cost of insurance coverage for the minor child was not considered income where the father's union provided coverage at no cost to the father). Only the actual cost incurred by a parent or the parent's household is credited. Guidelines § IV.D.4.a (2015 Kan. Ct. R. Annot. 124). Whether an employer paid a portion of the monthly premium is irrelevant to determining the actual cost paid monthly by the parent or the parent's household.

In conclusion, Father has not demonstrated the district court abused its discretion in calculating Mother's insurance credit. Therefore, the district court did not err in determining Father's child support obligation.

*Mother's Motion for Attorney Fees*

Mother has filed a motion for appellate attorney fees pursuant to Kansas Supreme Court Rule 7.07(c) (2015 Kan. Ct. R. Annot. 72). She claims that the Father has pursued

10

the appeal frivolously or for purposes of harassment or delay. Father filed a response to the motion.

Mother would suggest that the action is frivolous because the amount in controversy is only $73 per month. But the child in question was only 6 years old at the time of the district court hearing, and monthly payments throughout his minority could exceed $10,500 over the long run.

Father has presented, both to the trial court and to this court, a genuine issue of law and fact under the Guidelines in reliance on the *In re Marriage of Johnson* case. It is not frivolous to seek appellate review of the district court's interpretation and ruling, nor does vigorous advocacy equate to harassment or delay.

The record does not support Mother's allegations of frivolousness, harassment, or intent to delay, and the motion for appellate attorney fees based on Kansas Supreme Court Rule 7.07(c) is overruled and denied.

Affirmed.