(895 P.2d 1265)
No. 71,815

In the Matter of the Marriage of JERRIE MARIE LEWALLEN, *Appellee,* and RICHARD RAY LEWALLEN, *Appellant.*

Opinion filed May 26, 1995.

*Van Z. Hampton,* of Patton, Kerbs & Hess, of Dodge City, for appellant.

*Max Eugene Estes,* of Dodge City, for appellee.

Before LARSON, P.J., GREEN, J., and DONALD L. WHITE, District Judge Retired, assigned.

WHITE, J.: Richard Ray Lewallen appeals the trial court's order increasing his child support payments.

Jerrie Marie Lewallen (now Hazlett) and Richard Ray Lewallen were divorced in 1991. Their three minor children were placed in the residential custody of Hazlett. Hazlett filed a motion to increase the child support payments that the trial court had originally ordered Lewallen to pay. Lewallen claims the trial court erred when it excluded depreciation as a necessary business expense in his farm operation, causing him to pay increased child support payments.

In preparing its own child support worksheet, the trial court used the amount of farm income Lewallen had reported in his 1993 tax return. However, in arriving at his domestic gross income, the trial court disallowed all of the depreciation he claimed on his tax return and added it back to his farm income. Lewallen claims the trial court abused its judicial discretion in doing so. We agree.

The issue before us does not involve an interpretation of the child support guidelines to determine whether depreciation must be considered a business expense. The guidelines clearly state: "In cases of self-employed persons, Reasonable Business Expenses shall be those actual expenditures reasonably necessary for the production of income. *Depreciation shall be included only if it is shown that it is reasonably necessary for production of income.*" (Emphasis added.) Kansas Child Support Guidelines, Supreme Court Administrative Order No. 90 § II. G. (1994 Kan. Ct. R. Annot. 83, 86).

It is in the discretion of the trial judge to determine whether depreciation is reasonably necessary for production of income. We will reverse a trial court's ruling on child support only where it is shown the trial court abused its discretion. See *Stayton v. Stayton,* 211 Kan. 560, 562, 506 P.2d 1172 (1973). An abuse of discretion is shown only where no reasonable person would take the view adopted by the court. *In re Marriage of Cray,* 254 Kan. 376, 387, 867 P.2d 291 (1994).

A farmer is a self-employed person whose domestic gross income is that person's gross income less those actual expenditures reasonably necessary for the production of income. See Kansas Child Support Guidelines § II. G., H. (1994 Kan. Ct. R. Annot. 74).

The problem in the case before us is that the trial court disregarded all depreciation in Lewallen's farming operation. When the trial court denied Lewallen's motion to alter or amend the court's order to increase his support for his children, it gave some insight as to its rationale for doing so. First, the trial court found Lewallen's claim of $13,000 worth of income for sale of livestock and grains as an "extraordinarily small amount" for a farm with two White tractors and a John Deere tractor.

Second, the trial court maintained that Lewallen's claim of $15,000 for repairs and maintenance was an "extraordinarily high amount." The trial court decided such high maintenance costs would not continue in the future.

Finally, the trial court considered evidence that Lewallen was not making a lot of money from his farming and cattle operations in 1993. Yet, during the time when operations apparently were not going very well, the trial court found Lewallen managed to find "the money to go and buy a $22,000 pickup." The court ultimately ruled: "I decided after reviewing all of these forms and the purchases that he [Lewallen] has made, that I was justified in counting a good share of his depreciation as income, for the purpose of setting the child support. And that's why I figured the child support as I did."

Apparently, the trial court based its decision not to include the depreciation as a reasonable business expense on what appears to be the court's concern with the income from the sale of cattle and grains, the high repair and maintenance expenses, and the purchase of a new pickup.

The topic of depreciation in the area of child support payments has not been addressed by the Kansas courts. Minnesota has addressed it in *Freking v. Freking*, 479 N.W.2d 736 (Minn. App. 1992). In *Freking*, the Minnesota Court of Appeals held the trial court properly disallowed an accelerated depreciation deduction when determining a father's income for child support purposes. The court went on to hold that when substantial depreciation deductions are taken on a farming operation, tax returns alone may be insufficient data to determine income. However, a total disregard of depreciation is reversible error. 479 N.W.2d at 740.

We also conclude that the taxable income shown in a tax return is not always a reliable indication of domestic gross income. However, a total disregard of depreciation in farming operations is an abuse of discretion by a court.

Reversed and remanded for a hearing to determine which of Lewallen's depreciation expenses were necessary for the production of income.