(143 P.3d 677)
No. 95,036

In the Matter of DIANA L. COX (ALEXANDER), *Appellee*, and THOMAS R. COX III, *Appellant*.

Opinion filed July 21, 2006.

*Thomas R. Cox III*, appellant pro se.

*Scott M. Mann* and *Timothy J. Muir*, of Evans & Mullinix, P.A., of Shawnee, for appellee.

Before MALONE, P.J., GREEN, J., and BUKATY, S.J.

MALONE, J.: Thomas R. Cox III appeals the district court's order modifying the amount of child support due to his ex-wife, Diana L. Cox (now Alexander). Cox claims the district court erred in not allowing him to deduct a depreciation expense from his rental property income in calculating child support. Alexander claims this appeal is frivolous and requests costs and attorney fees.

Cox and Alexander were divorced in 1998. Shortly thereafter, in a separate hearing, Alexander was awarded $1,058 per month child support for the parties' two minor children. The parties continued to have many disputes concerning child support and maintenance.

On December 6, 2004, Cox filed a motion to reduce child support, asserting he had lost his job. The hearing officer found Cox's gross monthly income was $2,835; $2,000 in income from his part-time job, and $835 in income from rental property. Cox was ordered to pay $560 per month in child support. Cox filed a motion for rehearing before the hearing officer, alleging the evidence did not support the finding of $835 in rental income. Cox's motion was denied, and he filed an appeal to the district.

The district court held an initial hearing on March 22, 2005. At that hearing, the district court temporarily affirmed the hearing officer's determination of the rental income, and set the case for a second hearing in order to give Cox time to complete his 2004 income tax return and to find full-time employment.

On July 8, 2005, a second hearing was held. Cox informed the district court that he was employed full-time and earning approximately $40,000 per year. The remaining issue was how Cox's income from his rental properties should be calculated. Cox argued depreciation of the rental properties should be deducted as an expense from his total rental property income. Alexander argued Cox was not entitled to a depreciation expense.

The district court agreed with Alexander, stating:

"Yes, I understand that on an accounting basis this [deduction for depreciation] may be approved and be accurate. . . . What I'm saying, though, is that my responsibility is to figure out what type of actual money you are able to reap from this venture. And as we both know . . . , it's not something you're going to see today but you'll see it in the future. What it is, is income today that's being put away for tomorrow. And the purpose of child support is not to avoid paying child support based upon whether or not you're able to invest in ways that reduces your income in order to save a better nest egg for the future for yourself.

". . . For example, we have a lot of people come in here and they work, for example, let's say, for Sprint. They have the capability of deferring income. And what happens is, is they might have X number of dollars, and then $12,000 a year is deferred. On their accounting and on their taxes it's absolutely right. Their income is something less, $12,000 a year less. But for the purposes of figuring child support what we do is we add back in that $12,000."

In response to Cox's concerns about fluctuating vacancy rates for his rental houses, the district court figured Cox's rental income based on 5-year averages. Cox's average annual revenue from his rental properties over 5 years was $19,606. Cox's average annual expense over 5 years, including depreciation, was $17,340. The difference between the average annual revenue and average annual expense was $2,266, ($19,606 minus $17,340). The district court then added back a 5-year annual average of the depreciation expense, which was $9,452, to reach Cox's total annual income from his rental properties of $11,718. Based on this calculation, Cox's total annual income was $51,718 ($40,000 plus $11,718), resulting

in a child support obligation of $774 per month. Cox timely appeals.

Cox claims the district court should not have added back in the depreciation expense in calculating his income from his rental properties. He argues that to do so was an incorrect application of the Kansas Child Support Guidelines (guidelines).

The standard of review of a district court's order determining the amount of child support is whether the district court abused its discretion, while interpretation and application of the guidelines is subject to unlimited review. *In re Marriage of Paul*, 32 Kan. App. 2d 1023, 1024, 93 P.3d 734 (2004), *aff'd* 278 Kan. 808, 103 P.3d 976 (2005).

"Use of the guidelines is mandatory and failure to follow the guidelines is reversible error. [Citations omitted.] Any deviation from the amount of child support determined by the use of the guidelines must be justified by written findings in the journal entry. [Citations omitted.] Failure to justify deviations by written findings is reversible error. [Citation omitted.]" *In re Marriage of Thurmond*, 265 Kan. 715, 716, 962 P.2d 1064 (1998).

Where a case falls factually outside the guidelines, however, the guidelines do not limit the authority of the district court, and review is strictly one of abuse of discretion. *In re Marriage of Benoit*, 26 Kan. App. 2d 659, 661, 992 P.2d 1259 (1999).

The guidelines define income as "income from all sources, including that which is regularly or periodically received." Kansas Child Support Guidelines § II. D. (2005 Kan. Ct. R. Annot. 104). "In cases of self-employed persons, Reasonable Business Expenses are those actual expenditures reasonably necessary for the production of income. *Depreciation shall be included only if it is shown that it is reasonably necessary for the production of income*." (Emphasis added.) Kansas Child Support Guidelines § II. E. 2. (2005 Kan. Ct. R. Annot. 105).

Cox claims he is entitled to depreciation expense in calculating his rental income for child support purposes because the depreciation is a legitimate business expense on his income tax return. Contrary to Cox's argument, "[t]he taxable income shown in a tax return is not always a reliable indication of domestic gross income." *In re Marriage of Lewallen*, 21 Kan. App. 2d 73, 75, 895 P.2d 1265,

(1995). In *Lewallen,* the district court disallowed depreciation expense claimed by a farmer in a child support proceeding. On appeal, this court noted that under the guidelines depreciation shall be included as a business expense only if it is shown that it is reasonably necessary for the production of income. 21 Kan. App. 2d at 74. This court further stated:

"It is in the discretion of the trial judge to determine whether depreciation is reasonably necessary for production of income. We will reverse a trial court's ruling on child support only where it is shown the trial court abused its discretion. [Citation omitted.] An abuse of discretion is shown only where no reasonable person would take the view adopted by the court. [Citation omitted.]" 21 Kan. App. 2d at 74.

Thus, although business depreciation expense is addressed in the guidelines, the guidelines leave room for judicial discretion in determining whether depreciation should be deducted as a reasonable business expense. In *Lewallen,* this court ultimately reversed the district court's child support order, but only because the record indicated the district court completely disregarded the depreciation issue. This court determined that "a total disregard of depreciation in farming operations is an abuse of discretion by a court." 21 Kan. App. 2d at 75.

Here, the district court did not completely disregard Cox's depreciation expense. The district court considered Cox's income tax returns, the type of property, and the fluctuating rental market and made a reasonable calculation of the amount Cox was actually receiving or would receive in the future from his rental property. Cox failed to show the district court that depreciation was reasonably necessary for the production of income from his rental properties. Other reasonable people would have reached the same conclusion the district court reached. Therefore, the district court did not abuse its discretion in determining Cox's child support obligation.

On February 16, 2006, Alexander filed a motion asking this court to assess appellate costs and attorney fees against Cox, arguing it would be an appropriate penalty for Cox's failure to follow Supreme Court Rule 6.02 (2005 Kan. Ct. R. Annot. 36) in writing his brief. Additionally, Alexander asserts Cox's appeal is frivolous in violation of Supreme Court Rule 7.07(c) (2005 Kan. Ct. Annot.

56). Cox filed a response asking this court to deny Alexander's request.

Rule 6.02 addresses the content of an appellant's brief. While Cox's pro se brief may not be well written, it appears to comport with this rule. Alexander first alleges Cox's statement of facts is incomplete. Rule 6.02(d) provides for "a concise but complete statement, without argument, of all the facts of the case material to the determination of the question . . . presented for appellate decision. The facts . . . shall be keyed to the record on appeal by volume and page number . . . ." (2005 Kan. Ct. R. Annot. 37). While Cox's statement of facts is certainly brief, it does cover the facts material to the question on appeal. In addition, it correctly cites to the record. Cox's statement of facts does not violate Rule 6.02(d).

Next, Alexander alleges Cox's brief contains no recitation of the standard of review as required by Rule 6.02(e). This argument fails, as Cox cites the standard of review, albeit not necessarily the correct one, within the first paragraph of his argument. Finally, Alexander argues Cox's citations to authority are incorrect. Cox's citations to authority are incomplete, but they do generally direct the reader. They do not violate Rule 6.02.

Rule 7.07(c) (2005 Kan. Ct. R. Annot. 57) provides: "If the appellate court finds that an appeal has been taken frivolously, or only for purposes of harassment or delay, it may assess against an appellant . . . the cost of reproduction of appellee's brief and a reasonable attorney fee for the appellee's counsel." A frivolous appeal is " '[o]ne in which no justiciable question has been presented and appeal is readily recognized as devoid of merit in that there is little prospect that it can ever succeed.' " *Blank v. Chawla*, 234 Kan. 975, 982, 678 P.2d 162 (1984) (quoting Black's Law Dictionary 601 [5th ed. 1979]). Here, in light of the *Lewallen* precedent, Cox's appeal cannot be determined frivolous. Accordingly, Alexander's motion for costs and attorney fees is denied.

Affirmed.