NOT DESIGNATED FOR PUBLICATION

No. 115,071

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

MARNI HOWARD-PAGE,
*Appellant*,

v.

ROGER D. PAGE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; NEIL B. FOTH, judge. Opinion filed December 2, 2016.
Affirmed.

*Susan D. Szczucinski*, of Szczucinski Law Firm, of Overland Park, for appellant.

*Roger Page*, appellee pro se.

Before MALONE, C.J., GREEN and LEBEN, JJ.

*Per Curiam*:  Marni Howard-Page appeals the district court's denial of her motion for a new trial or to alter and amend the judgment ordering her to pay $1,265 per month in child support. Specifically, Marni claims that the district court erred in denying her motion without permitting her to present evidence at a hearing as to her actual income. Finding no abuse of discretion in how the district court considered and ruled on the motion, we affirm the district court's decision.

1

FACTS

This case presents a protracted and contentious procedural history. On April 20, 2009, Marni petitioned for divorce from Roger Page, her husband of 21 years. At the time of the divorce, the couple had two minor children. The district court entered a divorce decree on February 11, 2010. On April 13, 2010, the district court issued a memorandum decision on child custody and support and ordered that the parties would share joint legal custody of the children, but that Marni would have primary residential custody.

On the issue of child support, the district court found that the parties' incomes were "nearly impossible to assess accurately" and that Marni and Roger were "incredibly aggressive with their business deductions and taxes." The district court noted the income provided on their tax returns was inconsistent with their standard of living, as Marni and Roger reported between $140,000 and $170,000 total income on their tax returns, but owned a half-million dollar home, sent one child to an expensive private school, owned horses, and made large contributions to an IRA. After rejecting Roger's claim that he only made $25,000 for child support purposes, the district court imputed an income to Roger of $60,000 per year. The district court found that Marni earned $88,000 per year and ordered Roger to pay $951 per month in child support.

By June 2011, Marni and Roger were having increased difficulty jointly parenting their children, so the district court ordered them to undergo mediation. Mediation was unsuccessful, and Marni and Roger's animosity towards one another continued to escalate, so the district court ordered them to attend Higher Ground Counseling on May 2, 2012. At Roger's request, the district court ordered a child custody evaluation on July 26, 2012.

On December 18, 2012, Marni filed a petition for protection from stalking against Roger. She alleged that he had "repeatedly trespassed at her house" and was sending her

2

harassing emails, which caused her significant fear. A trial on the stalking petition was held on January 3, 2013. Marni's testimony revealed that the alleged stalking and harassing behavior involved Roger pulling into her 100-foot driveway instead of picking up the children on a busy road, and sending her approximately five emails a week containing reasonable requests regarding the parenting plan and visitation schedule. The district court dismissed the case after Marni testified. At this time, the district court became concerned about Marni's mental health because "[s]he was significantly more anxious, her thoughts were disorganized, and . . . her perceptions of fear and harassment relating to [Roger] were completely out of proportion."

Roger filed a motion seeking the appointment of a guardian ad litem, and because of the concerns raised by Marni's behavior in the protection from stalking case, the district court appointed a guardian ad litem on July 24, 2013. On August 12, 2013, Marni filed a motion for protective orders against Roger, alleging the same things and seeking the same relief as in her 2012 petition. The district court denied her motion, again finding it groundless as there was no evidence of any abusive or unreasonable behavior by Roger. Due to Marni's concerning behavior, the district court ordered her to undergo a full psychological evaluation with Dr. Rodney McNeal on January 3, 2014.

After the guardian ad litem expressed concerns in a memorandum to the district court that Marni was urging her children to "pick a side" in the divorce, the district court set the matter for a review hearing on April 18, 2014. On March 29, 2014, before the review hearing was held, Marni filed a motion to modify the parenting plan to limit Roger's parenting time. In response, the guardian ad litem filed an emergency motion to modify the parenting plan and limit Marni's parenting time because of her alarming behavior and the negative effect it was having on the children.

At the review hearing on April 18, 2014, Dr. McNeal testified that after conducting a full psychological evaluation of Marni, he believed that she suffered from

borderline personality disorder. As a result of this testimony, the district court ordered Marni to undergo treatment and counseling at the Lilac Center. Furthermore, the district court awarded primary residential custody of the children to Roger and ordered that Marni's parenting time be supervised. The district court abated Roger's child support obligation and stated that it would issue new child support orders at a later date.

On May 27, 2014, Marni filed a pro se motion asking that all orders previously entered in the case be rescinded and that she be awarded primary custody of the children. In the motion, Marni argued that the incomes for herself and Roger for child support purposes should be set at $60,000 and $140,000 respectively. At a review hearing on July 8, 2014, the district court maintained the temporary orders issued in April and set the case for another review hearing in hopes that the situation would stabilize.

On December 9, 2014, Roger filed a motion asking the district court to order Marni to pay child support. A final hearing on the parenting plan issues was held on May 22, 2015. In a journal entry filed on June 10, 2015, the district court granted Roger's motion for Marni to pay child support and stated it would issue a separate order as to the amount. Neither party requested any further hearings on the issue of child support, nor did they submit any additional evidence as to their incomes for child support purposes.

On August 11, 2015, the district court issued its order on child support. The district court found that Marni earned $60,000 per year and directed her to pay child support in the amount of $1,265 per month with a retroactive start date of February 1, 2015. In response to the district court's order, Marni filed a motion for new trial or to alter and amend judgment on September 9, 2015. In the motion, Marni claimed that according to the tax returns attached to her motion, she only made $28,844 in 2014. Marni claimed that she had not earned $60,000 since 2012, and she was incapable of earning $60,000 due to the time consuming obligation of her court-ordered therapy. Marni asked the district court to conduct a hearing so she could present evidence on her current income.

4

The district court denied Marni's motion to alter or amend judgment on October 7, 2015, after finding that oral argument would not materially aid the court in resolving the issue. In its journal entry, the district court noted that Marni had stated that she earned $60,000 per year in her prior motion to modify child support. The district court also noted that in Marni's pro se motion in May 2014, she argued that the child support incomes be set at $140,000 for Roger and $60,000 for herself. The district court explained that it used Marni's own figures to calculate her child support obligation. The district court found that Marni would not be held in contempt for failure to pay child support if she truly lacked the resources to make payment. Finally, the district court treated Marni's motion as a motion to modify future child support and set the matter for a subsequent hearing.

Marni appealed the district court's denial of her motion to alter or amend judgment. The record reflects that after the appeal was filed, a hearing was held in district court on Marni's motion to modify child support on February 1, 2016. At the hearing, the hearing officer imputed $35,000 per year of income to Marni and reduced her current child support obligation to $671 per month plus $200 per month to be applied to the arrearage. As of February 8, 2016, Marni was delinquent in her child support payments in the amount of $16,457.

ANALYSIS

On appeal, Marni contends that the district court erred in denying her motion to alter or amend judgment because she should have been allowed to present evidence at a hearing as to her actual earnings in 2014. She claims that when the district court issued its journal entry modifying child support in August 2015, no evidence as to the parties' income had been presented. Furthermore, Marni claims that the district court should have based her income on her tax returns attached to her motion to alter or amend judgment, which showed that Marni earned only $28,844 in 2014.

5

Roger points to the fact that Marni had over a year to retract statements she made about her income, but chose not to do so; thus, Marni's contention that she had no chance to present evidence as to her actual income is false. Roger notes that the same judge has presided over this case since the divorce petition was filed in 2009. According to Roger, the judge has spent "countless hours reviewing evidence in this case and is quite familiar with both parties." Thus, Roger concludes that the district court did not abuse its discretion when it denied Marni's motion to alter or amend judgment without a hearing.

As Marni acknowledges, a district court's child support award is generally reviewed for abuse of discretion. *In re Marriage of Skoczek*, 51 Kan. App. 2d 606, 608, 351 P.3d 1287 (2015). Moreover, a district court's denial of a motion to alter or amend judgment is also reviewed for abuse of discretion. *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004). Judicial action constitutes an abuse of discretion if it: "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *In re Marriage of Johnson*, 50 Kan. App. 2d 687, 691-92, 336 P.3d 330 (2014), *rev. denied* 302 Kan. 1010 (2015).

Marni first contends that she should have been allowed to present evidence at a hearing as to her actual earnings in 2014. Supreme Court Rule 133(c) (2015 Kan. Ct. R. Annot. 234) permits a party to request oral argument in a motion—which is what occurred here. However, even if oral argument is requested, a court is not obligated to grant the request and "may simply state 'in the ruling or by separate communication that oral argument would not aid the court materially.'" *In re Marriage of Anjard*, No. 109,812, 2014 WL 2747618, at *5 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1010 (2015) (quoting Kansas Supreme Court Rule 133[c][1]).

An appellate court gives great deference to a district court's finding that oral argument would not materially aid the court. See, *e.g.*, *Merryfield v. Kansas Social and Rehabilitation Services*, No. 104,328, 2011 WL 2555662, at *11 (Kan. App. 2011)

6

(unpublished opinion) (finding no abuse of discretion when district court stated that oral argument would not materially aid in its ruling on motion to dismiss); *In re Marriage of Ulrich*, No. 101,324, 2009 WL 4035487, at *5-6 (Kan. App. 2009) (unpublished opinion) (finding no abuse of discretion even when district court failed to explain its refusal to grant oral argument). We find here that the district court did not abuse its discretion when it denied Marni's motion to alter or amend judgment without conducting a hearing after it stated in its journal entry that oral argument would not materially aid the court.

Next, Marni appears to argue that the district court abused its discretion in denying her motion to alter or amend judgment because the evidence did not support the district court's factual finding that she earned $60,000 per year. Challenges to specific factual findings in support of child support determinations are reviewed to ensure that those findings are supported by substantial competent evidence sufficient to support the district court's conclusions of law. *In re Marriage of Meade*, No. 113,366, 2015 WL 8192014, at *6 (Kan. App. 2015) (unpublished opinion); see also *In re Marriage of Atchison*, 38 Kan. App. 2d 1081, 1085, 176 P.3d 965 (2008).

As the district court noted in its written journal entry, the court used Marni's own figures to calculate her child support obligation. In its journal entry, the district court first explained that when Marni filed her motion to modify child support on March 29, 2014, she stated that she earned $60,000 per year. Furthermore, the district court emphasized that in Marni's pro se motion on May 27, 2014, she averred that her income for child support purposes should be set at $60,000, and Roger's should be set at $140,000.

We note that the two documents referenced by the district court in setting Marni's income at $60,000 per year are not included in the record on appeal. Marni's failure to include these documents in the record is not fatal to her appeal, but instead "to the extent that the district court referred to a specific [document] to support a finding and that [document] has been omitted from the record, [this court] will assume that the missing

7

[document] supports the district court's finding." *In re Z.J.*, No. 113,093, 2015 WL 5926980, at *11 (Kan. App. 2015) (unpublished opinion).

Thus, the district court's finding that Marni earned $60,000 per year is supported by substantial evidence. Marni told the district court on two occasions that she earned $60,000 per year. She was aware that the district court was going to rule on the child support issue; the court entered a journal entry in April 2014 abating Roger's child support and stating that it would enter new child support orders. The district court also stated in its June 2015 journal entry following the final hearing on the parenting plan that it was going to order Marni to pay child support but would do so in a separate order. The district court set the amount of child support in August 2015. Thus, Marni had 16 months to provide the district court with information about her income but chose not to do so.

Finally, Marni's claim that the district court should have based her income on her tax returns attached to her motion to alter or amend judgment is unpersuasive. As previously stated by this court, "[t]axable income shown in a tax return is not always a reliable indication of domestic gross income." *In re Marriage of Lewallen*, 21 Kan. App. 2d 73, 75, 895 P.2d 1265 (1995). Here, the district court already had found that the parties' tax returns were unreliable indicators of their actual incomes as Marni and Roger were inclined to be "incredibly aggressive with their business deductions and taxes" and had a history of reporting an income that did not reflect their standard of living.

We find no reversible error in how the district court considered and ruled on Marni's motion to alter or amend judgment. Significantly, the district court treated Marni's motion as a motion to modify her future child support obligation and set the matter for a hearing. The record reflects that the district court subsequently imputed $35,000 per year of income to Marni and reduced her current child support obligation to $671 per month. We conclude that the district court did not abuse its discretion when it denied Marni's motion to alter or amend judgment without conducting a hearing.

8

Affirmed.