NOT DESIGNATED FOR PUBLICATION

No. 114,470

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

U. ELIZABETH CRAINSHAW,
*Appellee*,

v.

RODNEY G. CRAINSHAW,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; KEVEN M.P. O'GRADY, judge. Opinion filed March 3, 2017. Affirmed in part and remanded with directions.

*James M. Smart, Jr.*, of Kansas City, Missouri, and *Shannon A. Sorenson*, of Waits, Brownlee, Berger, *et al*. of Kansas City, Missouri, for appellant.

*Michael W. Lucansky*, of Law Office of Michael W. Lucansky, P.A., of Overland Park, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

*Per Curiam*: Rodney Crainshaw appeals his divorce from Elizabeth Crainshaw. He argues the district court abused its discretion when it calculated his child support income because it did not include a deduction for transportation, mobile phone service, internet, bookkeeping and accounting, and depreciation. He also argues the court abused its discretion when it did not reduce spousal maintenance to a nominal amount and did not make the modification retroactive to April 4, 2014. The district court did not abuse its

discretion in calculating Rodney's child support income because it had substantial competent evidence to deny the deductions. Further, the district court did not abuse its discretion when it did not reduce spousal maintenance to a nominal amount. The court may reduce maintenance and may make the modification retroactive. Because it is in the district court's discretion to make it retroactive, it is not necessarily an abuse to refuse that request. Therefore, we affirm, but also, remand the case on the narrow issue for the district court to make specific findings as to why it did not make the modification of the maintenance award retroactive as requested.

Rodney and Elizabeth were married on April 11, 1998. They had 3 children during their marriage, Joy (born 2002), Angel (born 2005), and Abigail (born 2011). Elizabeth filed an amended petition for divorce with the district court on January 9, 2013.

This matter came to trial on April 17, 2013. The district court issued its decision, Decree of Divorce and Order, on April 26, 2013. The court, in its decision, granted joint custody and control to both the parents. The children primarily live with Elizabeth.

In support, the district court made several findings. It found that Rodney was self-employed and operated a business called Rod's Home Repair, LLC. Elizabeth was unemployed and homeschooled the children. The court stated it had considered K.S.A. 2015 Supp. 23-2902 and the factors set out in *Williams v. Williams*, 219 Kan. 303, 306, 548 P.2d 794 (1976), to determine spousal maintenance. The court also noted that the marriage had lasted for 14 years, Rodney was 52 and Elizabeth was 45, and that Rodney had a profound visual impairment but had still been successful in running his business. The court found it was reasonable that Elizabeth could earn income in the future but would need updated training to return to her previous vocation. The court imputed no income to Elizabeth.

The district court noted that Rodney's income was debated by the parties and counsel. Rodney claimed to earn less than $18,000 a year after business expenses. Elizabeth claimed that Rodney's income was approximately $45,500 a year. The court noted that domestic gross income for someone who is self-employed is self-employment gross income less reasonable business expenses. Reasonable business expenditures "are those actual expenditures reasonably necessary for the production of income." Further, depreciation would only be included if it was shown that it was reasonably necessary for the production of income. From the tax returns and Rodney's testimony, the court considered the reasonable business expenses to be the "costs for labor, insurance, supplies, taxes, and licenses." The court found Rodney's income for purposes of the calculation of support was $48,510 per year.

The district court found it to be fair, just, and equitable that Rodney pay Elizabeth $700 per month in spousal maintenance for 36 months beginning May 1, 2013. It also found that Rodney should pay Elizabeth $1,042 plus 1/2 the enforcement fee per month in child support beginning May 1, 2013.

On March 3, 2014, Rodney filed a motion to modify child support and maintenance. He argued that modifying child support and spousal maintenance was appropriate because there had been a material change in his income, his living situation, and his business expenses. He also stated he had worked with an accountant and believed he had a better picture of his finances than he had in the past.

Rodney's motion came up for hearing before a hearing officer on August 25, 2014. The hearing officer issued its ruling in a judgment form on August 28, 2014. In its order, the hearing officer found the district court had been presented with substantial evidence regarding Rodney's business income and expenses. It also found the court had considered Rodney's visual impairment in arriving at its decision regarding spousal maintenance and child support obligations. After reviewing the evidence, the hearing officer found that

3

Rodney had "failed to establish by a preponderance of the evidence that a material change of circumstances had occurred in the thirteen months following the trial in this matter," and denied his motion.

Rodney filed a motion to appeal the hearing officer's decision, and a trial was held on April 22, 2015, and May 5, 2015. The court heard the matter de novo after the hearing officer's decision. The district court issued its memorandum decision on May 13, 2015. The court stated the threshold question was whether a material change in circumstances had occurred since the entry of the decree.

At trial, Rodney testified about his visual impairment. He stated his visual acuity was 20/200 and his corrected vision was 20/200. He also did not see color and had no light filtering ability. He set his computer at 200% and could adjust it anywhere up to 400%. He was not able to drive a vehicle and whoever he had working with him on a job or his pastor drove him places. In total, he had 8 to 10 people who helped him with personal driving. Before the divorce, Elizabeth had driven him.

Rodney testified that since the divorce, he had someone take care of his bookkeeping and tax preparation. He stated he did not understand his tax return and was not able to prepare the return with the level of accuracy his accountant achieved. He also said that with the current child support and maintenance he was not able to afford an apartment or utilities. He did not own a television, electronic tablets, or golf clubs. Rodney did not have health insurance, life insurance, disability insurance, workers compensation, or long term care insurance. He testified that other than insurance for the truck he used for his business, he did not have any other insurance.

Rodney stated his business did better through 2014 with the help of having a driver every day. However, when he saw his funds were running low, he cashed out his IRAs and paid child support and maintenance with that money. With his current income,

he was unable to continue to pay the child support and maintenance. He was also unable to cut any expenses more than he had. He was unable to make any more money than he currently did.

On cross-examination, Rodney testified he has had professional fees for an accountant in the past and at the time of the previous trial. The change since trial was that he now used a bookkeeper. He also had paid attorneys fees in the amount of $8,321 to modify the support. He liquidated his retirement in order to pay for the attorney. He testified that in the past 6 years, 2014 was the second highest gross revenue year he ever had.

Elizabeth testified she was currently employed in the school system as a para educator. She worked 32 1/2 hours a week for 36 weeks of the year. She was paid $12.63 an hour. She got the job as a para because it was required to complete her masters degree in special education. At trial, she said she paid $130 a week for daycare for their youngest child. She received a child care subsidy of $240.50 per month for a 9-month period. The children received Medicaid and reduced school lunches. Elizabeth testified that she had approximately $15,000 in savings. She stated that when she was married to Rodney, he did the bookkeeping before she started doing it. She stated he did it with paper and pencil and took a full day and night to figure out what he needed to present it to the tax preparer.

In the district court's decision, it noted that Rodney claimed eight different circumstantial changes occurred between the date of the decree and the date of filing the motion. First, his income had decreased. Second, he had been forced to liquidate assets to pay for living expenses and attorney fees. Third, his business expenses had increased and he now paid a bookkeeper and an accountant. Fourth, living with his mother was no longer a temporary living arrangement but a permanent one. Fifth, he had to hire individuals to drive him to and from worksites and other places for business and personal needs. Sixth, Elizabeth was employed. Seventh, his oldest daughter was old enough to

watch the younger daughter and therefore daycare costs were decreased or unnecessary. Eighth, he had presented the evidence about his financial situation in a better manner this time than at the original trial.

As to the issue of drivers and Elizabeth's income, the district court said it "specifically considered Rodney's need to hire drivers and Elizabeth's then current and likely short term future earnings in its original decision." Testimony was offered regarding those two issues at the original trial, and nothing had changed with regards to either. For the liquidation of assets, the court stated that it was Rodney's legitimate decision to pursue a motion to reduce his support which was not a change in financial circumstances that was "involuntary or outside of his direct control." Regarding daycare costs, the original orders were entered with no work related daycare credit. The change that had occurred since the divorce decree was that work related daycare had increased, not decreased, which did not support Rodney's motion.

As to the accountants and bookkeeping, the district court stated that "[t]he fact Rodney hired accountants and bookkeepers who substantially improved his recordkeeping and were able to analyze his business expenditures in a professional manner did not constitute a change in circumstances." The court said Rodney could have presented similar evidence at trial but did not; therefore, the court was not inclined to revisit the original orders simply because one party wanted to present a better case on the second try. Regarding his now permanent residence with his mother, the court was not persuaded that Rodney's "'temporary' residency had become something different ten months (or 20 months) after the trial."

The district court noted that Rodney could not allege that his gross income had substantially changed. At trial, Rodney estimated his 2012 income was approximately $88,000. Exhibit 121 demonstrated it was actually $89,699. Exhibit 116 indicated his 2013 gross income was $60,905. Then, in 2014, it was $82,053. The relevant timeframe

6

was 2014, where the gross income was $82,053. The court noted that Rodney now did his taxes differently, so his subcontractor expenses were not called contract labor but now were included in costs of sale. The biggest difference in how Rodney presented his case here, as opposed to before, was that he had showed the cost of materials under the costs of sale in 2014. Those costs totaled $19,741, and the court found those costs should be included. It was also reasonable to include costs of repairs and tool replacement.

However, the district court said phone expenses were not allowed because there was no evidence Rodney would not have a cell phone anyway or that he was paying for a special service. The court stated it was not persuaded that a mileage tax deduction for a vehicle was appropriate because it was not an accurate reflection of actual expenditures. The court noted that depreciation was argued but under the circumstances was not allowed. Finally, the accounting and bookkeeping charges could be permissible, but the amounts that were claimed seem high for a small business. While the charges were fair and reasonable, they were also increased as a result of this litigation. Because the court had no real way of knowing what the charges would have been but for the litigation, they were not allowed.

Ultimately, the district court reduced spousal maintenance to $400 per month effective May 1, 2015. The court also reduced child support to $836 a month plus one half of the enforcement fee effective May 1, 2015.

Rodney filed a motion for new trial or, in the alternative, to alter or amend judgment. The district court denied his motion and found that nothing he had raised in his motion was sufficient to grant either a new trial or an alteration or amendment of the decision. Rodney timely appeals.

On appeal, Rodney argues: (1) the district court abused its discretion and committed reversible error when it calculated his child support income and refused to

allow any deduction from self-employment gross income for business transportation, mobile phone service, internet, bookkeeping and accounting, and depreciation; and (2) the court abused its discretion and committed reversible error when it refused to reduce maintenance to a nominal amount and did not make the reduction retroactive to April 4, 2014, 1 month from the date of the filing of the petition.

Parental child support obligations in a divorce action are governed by statute and guidelines established by our Supreme Court. See generally K.S.A. 2015 Supp. 23-3001 *et seq*. (governing court's obligation and authority to make provisions for child support); K.S.A. 2015 Supp. 20-165 (mandating Supreme Court to adopt rules establishing child support guidelines); Kansas Child Support Guidelines (KCSG), Administrative Order No. 261 (2015 Kan. Ct. R. Annot. 111-133). The applicable standard of review depends on the question presented. A district court's child support award is generally reviewed for abuse of discretion. *In re Marriage of Skoczek,* 51 Kan. App. 2d 606, 607, 351 P.3d 1287 (2015).

Use of the KCSG is mandatory in a divorce action, so failure to follow the guidelines is reversible error. *In re Marriage of Thurmond*, 265 Kan. 715, 716, 962 P.2d 1064 (1998); *Skoczek,* 51 Kan. App. 2d at 608. A court can deviate from the amount of child support determined through use of the KCSG but must justify any such deviation through specific written findings in the journal entry about how it is in the child's best interests. 51 Kan. App. 2d at 608. Such findings are generally reviewed for substantial competent evidence and to ensure they are sufficient to support the district court's conclusions of law. *In re Marriage of Atchison*, 38 Kan. App. 2d 1081, 1085, 176 P.3d 965 (2008). Failure to make such written findings, however, is considered reversible error. *Thurmond*, 265 Kan. at 716.

Under the KCSG, domestic gross income for a self-employed person is "self-employment gross income less Reasonable Business Expenses." Kansas Child Support

Guidelines, Administrative Order No. 261. (2015 Kan. Ct. R. Annot. 113). "In cases of self-employed persons, Reasonable Business Expenses are those actual expenditures reasonably necessary for the production of income. Depreciation shall be included only if it is shown that it is reasonably necessary for the production of income." Kansas Child Support Guidelines, Administrative Order No. 261 II, E.2. (2015 Kan. Ct. R. Annot. 113).

The trial court has the discretion to determine whether depreciation is reasonably necessary for the production of income. *In re Marriage of Jones*, No. 97,714, 2008 WL 2251177, at *10 (Kan. App. 2008) (unpublished opinion). The ruling will only be reversed if it is shown the district court abused its discretion. *Stayton v. Stayton*, 211 Kan. 560, 561-62, 506 P.2d 1172 (1973). Under the KCSG, the trial court has discretion to determine whether depreciation should be deducted as a reasonable business expense, and this court has previously upheld a district court's determination that depreciation expenses were not reasonably necessary for the production of income. See *In re Marriage of Lewallen*, 21 Kan. App. 2d 73, 75, 895 P.2d 1265 (1995); *In re Marriage of Cox*, 36 Kan. App. 2d 550, 554, 143 P.3d 677 (2006).

Rodney argues that costs for transportation, phone and internet, bookkeeping and accounting, and equipment depreciation should have been deducted from his child support income. He states that the failure of the district court to allow deductions from gross business income for expenses that are reasonably necessary for his production of income demonstrate that the district court departed from the Guidelines and did not make any written or oral findings to justify the departure. Each of these categories will be looked at in turn.

For transportation, Rodney argued at trial through his accountant that the district court could consider deducting actual expenses for fuel and maintenance or the federal mileage deduction of 56 cents per mile. However, the court denied the deduction as a

9

reasonable business expense and stated: "This [c]ourt is not typically persuaded that the mileage tax deduction for a vehicle is appropriate. Often this amount, again a legitimate tax write off, is not an accurate reflection of actual expenditures." The court did include vehicle and trailer insurance as well as registration and personal property taxes into Rodney's child support income. At trial, Rodney's accountant testified that the 56 cents mileage deduction did not equate to Rodney's out of pocket expenses. In fact, they were less than 56 cents per mile. The court gave a written justification as to why it did not include a deduction for transportation as a reasonable business expense and had substantial competent evidence for its justification. Therefore, the district court did not abuse its discretion when it did not deduct transportation costs from the child support income.

Rodney argues phone and internet services should be deducted from his child support income. When the district court denied the phone and internet deduction, it stated "[p]hone expenses are not allowed as there is no evidence that he would not have a cell phone anyway or that he is paying anything extra for special service." Rodney argues that because he is not a person who would spend money on these resources if he did not need it, then it should be deducted. However, the court justified its reason for not allowing the deduction and did not abuse its discretion in determining it was not a reasonable business expense.

For bookkeeping and accounting, Rodney argues the district court should have reduced the cost that was spent, not deny it all together. The evidence presented showed that in 2011 and 2012 there was no expense claimed for bookkeeping and accounting. Then, starting in 2013, there were expenses claimed for his accountant. In regards to deducting these charges, the court stated:

> "Accounting and bookkeeping charges could be permissible, but the amounts claimed
> seem high for such a small business. Undoubtedly the charges were fair and reasonable,

10

but were also increased as a result of this litigation. Having no way of really knowing what the charges would have been but for litigation, they are not allowed."

Because there was substantial competent evidence that the cost of accounting and bookkeeping increased at the time of trial, the court did not abuse its discretion in determining accounting and bookkeeping was not a reasonable business expense.

Finally, Rodney argues depreciation should have been deducted as a reasonable business expense. The trial court has discretion to determine whether depreciation should be deducted as a reasonable business expense. *Lewallen*, 21 Kan. App. 2d at 75. In this case, the trial court considered depreciation and said, "[d]epreciation was argued, but under the circumstances is not allowed." Because the court has discretion to determine whether depreciation should be included, there was no abuse of discretion when it denied depreciation as a reasonable business expense when it was shown that depreciation was not a legitimate business expense.

As was noted by Elizabeth in her brief:

"Rodney failed to present any evidence to support a contention that he historically had to replace expensive fixed assets on some type of a regular schedule. In fact, the evidence presented at trial showed that Rodney was savvy in his purchases and regularly bought work equipment or tools, used them and then sold them for more that he bought them. . . . As stated earlier, based on Rodney's mileage deduction utilizing [56 cents] per mile, he was putting on less than 5,000 miles per year on his company truck, that was also used by him personally. This is [nowhere] akin to someone who has extensive travel associated with this business, such as a traveling sales person that due to the extensive miles racked up every year that his or her vehicle had to be replaced on a regular basis.

"In denying Rodney's request for a depreciation deduction, the district court stated 'depreciation was argued, but under the circumstances it [is not] allowed.'"

11

The district court considered transportation, phone and internet, bookkeeping and accounting, and depreciation, but denied them all as reasonable business expenses. The court explained in its memorandum decision why those categories were not included as a deduction. Because the court justified its denial of these deductions based on substantial competent evidence, it did not abuse its discretion and the court is affirmed.

Rodney next argues the district court abused its discretion when it did not reduce spousal maintenance to a nominal amount and did not make the reduction in spousal maintenance retroactive.

An award of spousal maintenance is governed by K.S.A. 2015 Supp. 23-2901. The district court has wide discretion regarding spousal maintenance. *In re Marriage of Hair*, 40 Kan. App. 2d 475, 483, 193 P.3d 504 (2008). An appellate court generally reviews a district court's maintenance award for abuse of discretion. *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 706-07, 229 P.3d 1187 (2010). Judicial discretion is abused when the judicial action is arbitrary, fanciful, or unreasonable. *Hair*, 40 Kan. App. 2d at 483. If reasonable persons could differ as to the propriety of the action taken by the district court, then it cannot be said that the district court abused its discretion. 40 Kan. App. 2d at 483-84. Further, the trial court abuses its discretion when it goes outside the applicable legal standards or statutory limitations when making its decision. *Dragon v. Vanguard Industries, Inc.*, 277 Kan. 776, 779, 89 P.3d 908 (2004). Rodney bears the burden of showing such an abuse. *Hair*, 40 Kan. App. 2d at 484

Modification of maintenance is generally governed by K.S.A. 2015 Supp. 23-2903 and K.S.A. 2015 Supp. 23-2904. An appellate court reviews a district court's decision to grant or deny modification of a maintenance award by reviewing the record to determine whether there is substantial competent evidence to support the court's factual findings and whether the court abused its discretion. *In re Marriage of Strieby*, 45 Kan. App. 2d 953, 961, 255 P.3d 34 (2011).

12

A maintenance award must be fair, just, and equitable under all circumstances. K.S.A. 2015 Supp. 23-2902(a). "The purpose of spousal maintenance is to provide for the future support of the divorced spouse, and the amount of maintenance is based on the needs of one of the parties and the ability of the other party to pay." *Hair*, 40 Kan. App. 2d at 484.  In *Williams v. Williams*, 219 Kan. 303, 306, 548 P.2d 794 (1976), the court stated the following elements *may* be considered by a district court in determining whether to award spousal maintenance:  (1) the age of the parties; (2) the parties' present and prospective earning capabilities; (3) the length of the marriage; (4) the property owned by the parties; (5) the parties' needs; (6) the time, source, and manner of acquisition of property; (7) family ties and obligations; and (8) the parties' overall financial situation.

In order to modify maintenance, a hearing must be held with reasonable notice to the party affected. K.S.A. 2015 Supp. 23-2903. Maintenance may be modified downward upon a showing of a material change in circumstances. *In re Marriage of Ehinger*, 34 Kan. App. 2d 583, 587, 121 P.3d 567 (2005). The term "material change in circumstances" does not have a precise definition, "but it requires consideration of a variety of facts and circumstances." *In re Marriage of Nelson*, 34 Kan. App. 2d 879, 887, 125 P.3d 1081 (2006). "A material change in circumstances must be of such a substantial and continuing nature as to make the terms of the initial decree unreasonable." 34 Kan. App. 2d at 887 (citing *Johnson v. Stephenson*, 28 Kan. App. 2d 275, 280, 15 P.3d 359 [2000]).

At the hearing, "the court may modify the amounts or other conditions for the payment of any portion of the maintenance originally awarded that has not already become due." K.S.A. 2015 Supp. 23-2903. However, no modification shall be made without the consent of the party that is liable for the maintenance if the modification increases or accelerates the liability for unpaid maintenance. K.S.A. 2015 Supp. 23-2903.

13

K.S.A. 2015 Supp. 23-2904 governs whether the modification of spousal maintenance can be made retroactive. Under the statute, "the court may make a modification of maintenance retroactive to a date at least one month after the date the motion to modify was filed with the court." K.S.A. 2015 Supp. 23-2904.

Here, the court originally ordered $700 per month in spousal maintenance for 36 months and $1,042 in child support, plus one half of the enforcement fee per month. After the trial on the motion to modify child support and maintenance, the district court reduced spousal maintenance to $400 a month and child support to $836 a month plus 1/2 the enforcement fee, effective May 1, 2015. In reducing both the maintenance and child support, the court found that the cost of materials should have been included as well as the cost of repairs and tool replacement.

At the trial on the motion to modify, Rodney testified he had to buy tools and small equipment for his business. He also stated he misplaced tools occasionally and had trouble finding things due to his visual handicap. There was also testimony presented that he had to repair his truck and equipment.

Given there was evidence presented regarding the cost of materials, repairs, and tool replacement, there was substantial competent evidence to support the factual finding that maintenance should be reduced based on those added costs. However, Rodney argues the district court should have reduced maintenance and child support more than it did. He argues that based on Elizabeth's new job, the savings that she has, and his mundane lifestyle compared to her "recklessly ambitious" lifestyle, the amount of the reduction was not reasonable under the circumstances.

Maintenance *may* be modified downward after a showing of a material change in circumstances. *Ehinger*, 34 Kan. App. 2d at 587. However, there is no requirement that the district court modify the maintenance. Here, the court heard testimony on the motion

to modify and found there were two areas where there was a material change in circumstances and modified the maintenance accordingly. There was substantial competent evidence to support the district court's reduction, and the court did not abuse its discretion.

Although the district court methodically examined all the other issues in the case, it gave no reasons for denying the retroactivity of its decision to modify the maintenance award. We cannot determine whether the court's refusal to make the award retroactive was arbitrary, fanciful, or unreasonable, or based on an error of fact or law because it gave *no* reasons. Accordingly, we remand the case on this narrow issue for the district court to make specific findings as to why it did not make the modification of the maintenance award retroactive as requested.

Affirmed in part and remanded with directions.